IN THE UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SARAH SOAPE, §<br>Individually and on behalf of all those §<br>similarly situated §<br>    Plaintiffs, §<br>§<br>§<br>V. §<br>§<br>§<br>§<br>MAXIMUS, INC., §<br>    Defendant. § | **CIVIL ACTION NO. 6:23-cv-247**<br>**JURY DEMANDED**<br><br>**COLLECTIVE ACTION UNDER**<br>**42 USC 216(b)** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Sarah Soape, individually and on behalf of a class of all others similarly situated complain of the Defendant, Maximus, Inc., referred to as ("Defendant", "Maximus", "employer", or "employer Maximus"), as follows:

### INTRODUCTION

1. Plaintiff brings this action on her own behalf and on behalf of all other similarly situated current and former employees in the position of call center customer service representative or any similarly situated position for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, by failing and refusing to pay Plaintiff and other similarly situated employees' wages for all hours worked including overtime wages.

2. The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Maximus and performed by Plaintiff prior to, during and after the scheduled shifts. The unpaid work time includes time spent booting-up computers, initializing several software programs, performing customer call

backs, waiting for IT assistance, any human resource requests, questions, request for time off/overtime, any job promotional videos, supervisor chats, and reading or corresponding with mandatory emails from Maximus as required by Maximus. The work time spent by the Plaintiff in engaging in the aforesaid activities was not compensated in violation of the FLSA.

3. Plaintiff regularly and consistently worked more than 40 hours per week with Maximus' knowledge of the work activities described herein and for which Maximus does not pay Plaintiff for such time. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States and in the state of Texas in violation of the FLSA referenced herein.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). Plaintiff has signed a consent form to join this lawsuit, which is attached as Exhibit A.

5. Venue is proper in this Judicial Circuit pursuant to 28 U.S.C. § 1391 since the Defendant does business within this Judicial District, and because the conduct complained of herein occurred in this Judicial District.

## PARTIES

6. Plaintiff, Sarah Soape, is a former employee of Defendant, Maximus, Inc., ("Maximus") working out of the Athens, Texas call center and was an employee of Maximus at all relevant times alleged herein. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated in the Athens, Texas call center.

7. Defendant, Maximus, Inc., is a Virginia corporation with its headquarters in Reston, Virginia, which has and continues to operate call centers in Athens, Texas. Maximus, Inc. will be served by and through the registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. At all times relevant hereto, Defendant owned, operated, and managed the call center located in Athens, Texas.

## JOINT EMPLOYER LIABILITY

8. Plaintiff would show that Maximus employed persons, pursuant to 29 U.S.C. §203(g), while they were ostensibly employed through employment agencies. Plaintiff seeks recovery of unpaid overtime wages for all time spent while working at the Maximus call center in Athens, Texas, regardless of the entity by which she was paid.

## FACTUAL BACKGROUND

9. Plaintiff Soape was a call center customer service representatives employed by Defendant at its Athens, Texas call center.

10. Plaintiff's duties included handling customer service calls for Defendant's clients at the call center.

11. Maximus required Plaintiff and all those similarly situated prior to the scheduled start and after the scheduled end of their shifts to boot-up computers, initialize several software programs, perform customer call backs, and read mandatory emails from Maximus. Plaintiff and all those similarly situated typically logged into their computers five to ten minutes each working day prior to their paid worktime.

12. Plaintiff and all those similarly situated were subject to disciplinary action for not booting-up computers, initializing several software programs, performing customer call backs, and reading mandatory emails from Maximus prior to the beginning of the shift.

13. Plaintiff and all those similarly situated were required to clock out while they waited on IT service on their computers. If the IT problem took longer than 2 hours, Plaintiff and all those similarly situated were required to report to the Athens facility – all within the same continuous work day.

14. Plaintiff and all those similarly situated are scheduled to work various hourly shifts and are hourly wage earners paid by the hour.

15. Plaintiff and all those similarly situated were required to log in on a computer time keeping system after they completed all of the above-referenced pre-shift activities.

16. Plaintiff and all those similarly situated were not paid or compensated for any time prior to the scheduled start of their shift notwithstanding engaging in and performing the aforementioned integral work.

17. Plaintiff and all those similarly situated were not paid for the work time spent performing the activities described above before the scheduled start, during and at the end of their shift. This uncompensated time is work time under the FLSA.

18. Plaintiff and all those similarly situated are entitled to be paid for the time worked as described above in the form of lost wages and overtime.

19. Plaintiff and all those similarly situated regularly and consistently worked more than 40 hours per week with the knowledge of Maximus and without receiving just compensation.

## CLASS ALLEGATIONS
### Fair Labor Standards Act

20. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) (hereinafter referred to as "the FLSA"), this action is maintained by the named Plaintiff as a collective opt-in representative action, for and on behalf of themselves and other call center employees who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *ett.*

*seq.* and §251 *et. seq.* In addition, Plaintiff alleges willfulness on the part of Defendant and asserts a three-year statute of limitations under the FLSA. Plaintiff also seeks liquidated damages under the FLSA, Section §260.

## COUNT I
### (Violations of the FLSA, 29 U.S.C. § 201, *et. seq.*)

21. Plaintiff incorporates and reallege the paragraphs above, as though fully set forth herein.

22. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours and time actually worked and are entitled to wages at a rate not less than their regular rate of pay for all hours worked up to 40 hours in a workweek and one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

23. Plaintiff is entitled to compensation for time worked performing principal activities integral and indispensable to the performance of Plaintiff's job as required by Maximus to be performed by Plaintiff prior to, during and after the scheduled shifts as described herein.

24. These integral work activities were performed for the benefit of Maximus and constituted work for which Plaintiff was entitled to be compensated in accordance with the FLSA including their regular rate of pay for hours worked up to 40 in a workweek and time and one half their regular rate of pay after their 40th hour of work in a workweek.

25. This compensable unpaid work time was spent booting-up computers, initializing several software programs, performing customer call backs, waiting for IT service and reading mandatory emails as required by Maximus.

26. This uncompensated work time also includes time spent after the scheduled end of their shift in shutting down the aforementioned computer programs and such, all for the strict benefit of employer Maximus.

27. Defendant failed to pay Plaintiff and all those similarly situated compensation for all time worked in violation of the FLSA and relevant regulations.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

    a. awarding back pay against Defendant equal to the amount of all unpaid straight, regular, and overtime compensation for the two (2) years preceding the filing of this Complaint;

    b. finding Defendant's actions as alleged herein to have been willful, and award compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitation;

    c. awarding an additional equal amount as liquidated damages;

    d. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

    e. for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
### (Liquidated Damages under the FLSA)

28. Plaintiff incorporates all prior paragraphs.

29. Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203(b).

30. Defendant's conduct in denying Plaintiffs and all those similarly situated compensation for all hours worked and then, in turn, failing to pay those hours when applicable at a rate of one and one-half times for hours worked over forty in a workweek, was not based upon good faith or reasonable grounds.

31. Plaintiff and all past and present employees similarly situated are entitled to liquidated damages equal to the amount of unpaid straight time and overtime compensation pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff Sarah Soape, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

   a. an award of liquidated damages equal to the amount of all unpaid overtime compensation;

   b. Costs of this action and attorneys' fees pursuant to 29 U.S.C. § 216(b); and

   c. Such other relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

32. Plaintiff demands jury trial on all issues herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff alleges that she and all those who consent to be party plaintiffs in this collective action recover from Maximus, Inc., the following:

   1. Compensation for all hours worked at a rate not less than the applicable minimum wage;

   2. Overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates;

   3. All unpaid wages and overtime compensation;

   4. An equal amount as liquidated damages as allowed under the FLSA;

   5. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   6. Post judgment interest at the highest rates allowed by law; and

7. Such other relief as to which Plaintiff and the opt-in Plaintiffs may be entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

*ATTORNEY FOR PLAINTIFFS
AND THE PUTATIVE CLASS*