**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SARAH SOAPE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:23-CV-00247-JDK-KNM |
| | § | |
| MAXIMUS, INC., | § | |
| | § | |
| *Defendant.* | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. Doc. No. 19. For the reasons below, it is recommended that the motion be **DENIED-IN-PART** as to settlement approval and **GRANTED-IN-PART** as to the request to dismiss.

### BACKGROUND

On May 10, 2023, Plaintiff Sarah Soape filed this action, individually and on behalf of all others similarly situated, seeking redress against defendant Maximus, Inc. for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Doc. No. 1. Soape alleges Maximus failed to pay her and other similarly situated employees who worked for Maximus as customer service representatives for time spent working before, during, and after their scheduled shifts. Doc. No. 1 at ¶ ¶ 2, 11, 17. Although Soape initially brought this action as a collective action pursuant to FLSA Section 216(b), she did not move to certify a collective action, and instead litigated and settled this matter in her individual capacity. Doc. No. 19 at 2. The Parties have reached a settlement agreement and on September 29, 2023, they filed a joint motion to dismiss and approve their settlement agreement, which is now before the Court for consideration. Doc. No. 19.

## ANALYSIS

Courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, the settlement of a FLSA claim is prohibited. *See, e.g.*, *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015), *citing Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982). The Fifth Circuit recognized an exception to this general rule in *Martin v. Spring Break '83 Productions*, L.L.C., 688 F.3d 247 (5th Cir. 2012). Under *Martin*, unsupervised private settlements reached due to a bona fide FLSA dispute over hours worked or compensation owed are excepted from the approval requirement. *Id.* at 255.

"Here, the *Martin* exception is applicable to the Parties' settlement agreement, and the Court's approval is unnecessary." *Verm v. D&G Directional Drilling, Inc.*, No. 6:20-CV-00249, 2021 WL 3516261, at *1 (E.D. Tex. May 17, 2021) ("The Fifth Circuit has held that the court's approval is not required when the settlement agreement occurred within the context of a lawsuit and both parties were represented by counsel.") (quoting *Garcia v. 8th Ave. Wings, LP*, No. 4:18-CV-464-A, 2018 WL 6591822, at *1 (N.D. Tex. Dec. 14, 2018)). There is a bona fide dispute over the compensation owed for overtime hours worked in this case. Doc. No. 19 at 2–10. Both Parties were represented by counsel. Doc. No. 1, 4, 7, 8. The settlement agreement was executed between the Parties within the context of a lawsuit. Doc. No. 20. The settlement agreement includes an agreed amount to be paid to Soape as well as fees and costs to be paid to Soape's counsel. Doc. No. 20.

Because the Parties had a bona fide dispute regarding compensation due under the FLSA and have negotiated a private settlement based on this dispute, Soape is not waiving any of her rights. *See Verm,* No. 6:20-CV-00249, 2021 WL 3516261, at *2. Rather, Soape is receiving compensation for the disputed overtime pay. *See id*. Therefore, the purpose of the FLSA is not

undermined by the Parties' agreement, and the court does not need to approve said agreement for it to be enforceable. *See id.* The Parties' motion (Doc. No. 19) should be denied-in-part as to settlement approval.

Finally, because the motion to dismiss was "signed by all parties who have appeared[,]"[1] the Court recommends that the motion is construed as a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and that the case be dismissed with prejudice.

## **RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that the Parties' Agreed Motion be **DENIED-IN-PART** as to settlement approval. It is further **RECOMMENDED** that the Agreed Motion be **GRANTED-IN-PART** as to the request to dismiss with prejudice, and all of Plaintiff's claims or causes of action in the above-styled and numbered action be **DISMISSED WITH PREJUDICE**, with costs of court being taxed against the party by which they were incurred.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(ii).

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE